UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER L. GREER, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) No. 4:19 CV 1907 CDP |
| MICHELE BUCKNER, | ) ) ) |
| Respondent. | ) ) |

# **MEMORANDUM AND ORDER**

This matter is before the Court on Missouri State prisoner Christopher L. Greer's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, I will deny the petition.

## **Procedural History**

Greer is currently incarcerated at the South Central Correctional Center in Licking, Missouri, pursuant to a judgment and sentence of the Circuit Court of St. Louis City, Missouri. On June 2, 2011, a jury found Greer guilty of kidnapping, forcible rape, third degree domestic assault, two counts of second degree domestic assault, and two counts of armed criminal action. On August 19, 2011, the circuit court sentenced Greer to a thirty-year term of imprisonment on the rape conviction, to be served consecutively to concurrent terms of imprisonment on all other counts that ranged from one to five years. At the time Greer filed this § 2254 petition in

2019, all sentences had expired except the thirty-year sentence for forcible rape.

Greer appealed his conviction to the Missouri Court of Appeals, challenging the sufficiency of the evidence for his conviction of forcible rape and arguing that the trial court committed evidentiary error. The Missouri Court of Appeals affirmed his conviction on September 25, 2012. *State v. Greer*, 381 S.W.3d 375 (Mo. Ct. App. 2012) (order) (per curiam). Greer filed a *pro se* motion for post-conviction relief under Missouri Rule 29.15 on January 11, 2013, raising various claims of ineffective assistance of trial and direct appeal counsel. Appointed counsel filed an amended motion for post-conviction relief, raising three claims of ineffective assistance of trial counsel. After an evidentiary hearing, the motion court denied Greer's post-conviction motion on February 15, 2017. On September 11, 2018, the Missouri Court of Appeals affirmed the motion court's denial of post-conviction relief. *Greer v. State*, 561 S.W.3d 847 (Mo. Ct. App. 2018) (order) (per curiam).

Greer filed this habeas petition on July 8, 2019, in which he raises four claims for relief:

> 1) That trial counsel was ineffective in failing to impeach the victim at trial with inconsistent testimony given at her deposition;
>
> 2) That there was insufficient evidence to support his conviction of forcible rape;
>
> 3) That the trial court erred in excluding evidence that the victim's daughters had previously assaulted her; and

    4)  That the trial court erred in admitting into evidence photographs of the victim, over Greer's objection.

In response, respondent contends that I should defer to the Missouri Court of Appeals' determination that the claims raised in Grounds 1 and 2 are without merit. Respondent asserts that the claims raised in Grounds 3 and 4 are not cognizable in this Federal habeas proceeding and must be denied.

## Standard of Review

Federal habeas relief is available to a State prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). *See also Williams-Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir. 1990).

In order to obtain Federal habeas review of a claim raised in a § 2254 petition, the petitioner must have first raised the Federal constitutional dimensions of the claim in State court in accordance with State procedural rules. *Duncan v. Henry,* 513 U.S. 364 (1995) (per curiam); *Beaulieu v. Minnesota*, 583 F.3d 570, 573 (8th Cir. 2009) (quoting *Gilmore v. Armontrout,* 861 F.2d 1061, 1065 (8th Cir. 1988)). Where the State court adjudicated a claim on the merits, Federal habeas relief can be granted on the claim only if the State court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,"

28 U.S.C. § 2254(d)(1); or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). *See Williams v. Taylor*, 529 U.S. 362, 379 (2000). The source of doctrine for such clearly established Federal law is limited to the United States Supreme Court. *Id.* at 380-83.

A State court's decision is "contrary to" clearly established Supreme Court precedent when it is opposite to the Supreme Court's conclusion on a question of law or different than the Supreme Court's conclusion on a set of materially indistinguishable facts. *Williams*, 529 U.S. at 412-13; *Carter v. Kemna*, 255 F.3d 589, 591 (8th Cir. 2001). A State court's decision is an "unreasonable application" of Supreme Court precedent if it "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. Merely erroneous or incorrect application of clearly established Federal law does not suffice to support a grant of habeas relief. Instead, the State court's application of the law must be objectively unreasonable. *Id.* at 409-11; *Jackson v. Norris*, 651 F.3d 923, 925 (8th Cir. 2011). Finally, when reviewing whether a State court decision involves an "unreasonable determination of the facts" in light of the evidence presented in the State court proceedings, a Federal court must presume that State court findings of basic, primary, or historical facts are correct unless the petitioner rebuts the

presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Rice v. Collins*, 546 U.S. 333, 338-39 (2006); *Collier v. Norris*, 485 F.3d 415, 423 (8th Cir. 2007). Erroneous findings of fact do not *ipso facto* ensure the grant of habeas relief. Instead, the determination of these facts must be unreasonable in light of the evidence of record. *Collier*, 485 F.3d at 423; *Weaver v. Bowersox*, 241 F.3d 1024, 1030 (8th Cir. 2001).

The Federal court is "bound by the AEDPA to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003). To obtain habeas relief from a Federal court, the petitioner must show that the challenged State court ruling "rested on 'an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Metrish v. Lancaster*, 569 U.S. 351, 357-58 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)). This standard is difficult to meet. *Id.*

## Jurisdiction

Federal courts have jurisdiction to consider habeas petitions from persons who are in custody in violation of the Constitution, laws, or treaties of the United States. The habeas petitioner must be in custody under the conviction or sentence under attack at the time he brings his petition. *Maleng v. Cook*, 490 U.S. 488, 491 (1989). Where a sentence imposed on a conviction has fully expired at the time

the petition is filed, the habeas petitioner is no longer "in custody" under that conviction. *Id.* at 491-92.

To the extent Greer's habeas petition can be read to assert claims challenging convictions other than for forcible rape, he was no longer in custody under those convictions when he filed this habeas petition because his sentences therefor had expired. I therefore have no jurisdiction to entertain any claims to the extent they may challenge those convictions. *Maleng*, 490 U.S. at 491-92. *See also Mays v. Dinwiddie*, 580 F.3d 1136 (10th Cir. 2009); *Sweet v. McNeil*, 345 F. App'x 480 (11th Cir. 2009).

## Non-Cognizable Claims

In Grounds 3 and 4 of his petition, Greer claims that the trial court erred in excluding evidence of the victim's daughters' previous assaults on her, and in admitting photographs of the victim's injuries.

It is well settled that evidentiary issues in State court proceedings are matters of State law and are not reviewable in Federal habeas proceedings. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Sweet v. Delo*, 125 F.3d 1144, 1154 (8th Cir. 1997). Accordingly, Federal habeas relief is unavailable to Greer on Grounds 3 and 4, and they will be dismissed.

## Claims Addressed on the Merits

Grounds 1 and 2 raise cognizable claims and were properly raised and

adjudicated on their merits in State court. I therefore address the claims on their merits, exercising limited and deferential review of the underlying State court decision as required by the AEDPA.

A.     Ground 1 – Assistance of Trial Counsel

In Ground 1, Greer claims that his trial counsel was ineffective when he failed to impeach the victim with her prior inconsistent deposition testimony. On post-conviction appeal, the Missouri Court of Appeals denied relief on this claim. (ECF 16-12.)

At the time the Missouri Court of Appeals adjudicated Greer's claim, the law was clearly established that the Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To be entitled to Federal habeas relief on his claim of ineffective assistance of counsel, Greer must show that 1) his counsel's performance was deficient, and 2) the deficient performance prejudiced his defense. *Id.* In order to prevail on this claim, Greer must satisfy both components of the *Strickland* test. Accordingly, if he makes an "insufficient showing" on one component, I am not required to address the other. *Id.* at 697.

In evaluating counsel's performance, the basic inquiry is "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688. Courts must "eliminate the distorting effects of hindsight" by examining

counsel's performance from counsel's perspective at the time of the alleged error. *Id.* at 689. Greer bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* In addition, a presumption exists that counsel's conduct "might be considered sound trial strategy." *Id.* at 688. To establish prejudice, Greer "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

As summarized by the Missouri Court of Appeals (*see* ECF 16-6 at pp. 2-4; ECF 16-12 at pp. 2-3, 5-6), evidence adduced at trial showed that the victim was Greer's former girlfriend whom Greer had invited to stay at his apartment to help celebrate his birthday. When the victim left the apartment after spending the weekend, Greer followed her and told her to return. Frightened, the victim complied. After returning to the apartment, and over the next three days, Greer beat the victim with his fists, a belt, and a broom stick; kicked her; whipped her with an extension cord; threatened to burn her face with an iron, remove her teeth with pliers, and kill her; bound and gagged her and kept her in a closet; and withheld food from her. On the second day of this torture, Greer pulled the victim out of the closet, rolled her onto her stomach, told her "this is going to hurt," and

sexually assaulted her.  At trial, the victim testified that Greer penetrated her vaginally during this assault.  At her deposition, the victim testified that Greer penetrated her anally.[1]

Greer contends that the victim's credibility was an issue at trial and that counsel's failure to impeach her testimony with her inconsistent deposition testimony deprived the jury of considering all relevant evidence regarding her credibility.  Greer further contends that given other evidence detracting from the victim's credibility and the jury's difficulty in reaching a verdict on the forcible rape charge,[2] impeaching this testimony would have "tipped the scales" in his favor.  The Missouri Court of Appeals determined, however, that Greer had not overcome the presumption that counsel's failure to impeach the victim with her deposition testimony was reasonable trial strategy, and it denied relief on Greer's claim of ineffective assistance of counsel. (ECF 16-12 at pp. 7-8.)  For the following reasons, this decision was neither contrary to nor an unreasonable application of clearly established Federal law.  Nor was it unreasonable in light of the facts presented.

At Greer's Rule 29.15 hearing held July 22, 2016, trial counsel testified that,

---

[1] Because Greer does not rebut the court of appeals' factual summaries with clear and convincing evidence, I presume them to be correct.  28 U.S.C. § 2254(e)(1).

[2] Nearly five hours into its deliberations, the jury sent a note to the court stating that they had reached a verdict on all counts except for forcible rape. (ECF 16-1 at p. 418.)  After informing the court that further deliberations would be helpful, the jury continued to deliberate.  An hour later, they returned a guilty verdict on all counts. (*Id.* at pp. 418-21.)

given the passage of time, he did not remember several things about the trial, including specific strategies used.  He agreed that the defenses at trial were that Greer did not commit the offenses and that the victim was lying.  He also agreed that the victim's trial testimony at issue here was inconsistent with her deposition testimony and that impeaching the victim with her deposition testimony would have supported the theory that she was lying.  But counsel did not remember whether not impeaching the victim in this regard was pursuant to a specific strategy.  (ECF 16-8 at pp. 9-12.)

On appeal of the denial of the post-conviction motion, the Missouri Court of Appeals noted that Greer's counsel adduced evidence at trial that the victim was not at Greer's apartment during the time the offenses were alleged to have occurred, did not report the sexual assault to the medical clinic or to EMS personnel during her appointment the following week, delayed reporting the offenses to the police, denied to hospital staff that she had been sexually assaulted, and told two witnesses that it was her daughters who assaulted her.  (ECF 16-12 at p. 7.)  Given this other evidence directly challenging the victim's credibility and supporting the defense that Greer did not commit any of the alleged offenses, the court of appeals found that counsel's decision to not impeach the victim on the issue of vaginal versus anal penetration was reasonable given that emphasis on this testimony "clearly cuts against a defense that [Greer] did not commit any sex act"

against the victim.  (*Id.* at p. 8.)  The court of appeals also held that counsel's inability to remember whether he acted pursuant to a specific trial strategy in not impeaching on this issue did not alone overcome the presumption that it was a strategic decision.  (*Id.*)

"The Supreme Court has held in several cases that the habeas court's commission is not to invent strategic reasons or accept any strategy counsel could have followed, without regard to what actually happened[.]"  *Marcrum v. Luebbers*, 509 F.3d 489, 502 (8th Cir. 2007) (citing *Rompilla v. Beard,* 545 U.S. 374, 395-96 (2005); *Wiggins v. Smith,* 539 U.S. 510, 526-27 (2003); *Kimmelman v. Morrison*, 477 U.S. 365, 385 1986)).  "[W]hen a petitioner shows that counsel's actions *actually* resulted from inattention or neglect, rather than reasoned judgment, the petitioner has rebutted the presumption of strategy[.]"  *Id.* (citing cases) (emphasis added).

The Missouri Court of Appeals here examined what actually happened at trial and found that counsel's failure to impeach the victim on vaginal versus anal penetration was consistent with his overall defense strategy that Greer did not commit the crime, because impeaching the victim on the issue would have emphasized that Greer indeed committed a sexual act.  And because counsel presented other evidence that challenged the victim's credibility, which was likewise consistent with his defense strategy, it was reasonable for counsel to not

engage in this potentially harmful line of questioning.  Greer has presented no argument or evidence that counsel's failure to impeach the victim with her deposition testimony was on account of actual inattention or neglect.  Given no evidence of counsel's actual inattention or neglect at the time of trial, his mere lack of specific recollection five years later does not overcome the presumption that his decision to not impeach the victim in this regard was part of his reasonable trial strategy.

Because Greer did not show that counsel's actions actually resulted from inattention or neglect, rather than reasoned judgment, the Missouri Court of Appeals' conclusion that Greer failed to rebut the presumption that counsel's conduct was a matter of reasonable trial strategy and thus failed to demonstrate that trial counsel's performance was deficient, did not run afoul of any clearly established Federal law.  Accordingly, the court's decision was neither contrary to nor an unreasonable application of clearly established Federal law.  Nor has Greer shown that the decision was based on an unreasonable determination of the facts.  Ground 1 is therefore denied.

B.     Ground 2 – Sufficiency of the Evidence

In Ground 2, Greer claims that there was insufficient evidence to support his conviction of forcible rape because evidence showed that Greer and the victim engaged in consensual sex and the State failed to prove beyond a reasonable doubt

that Greer had sex with the victim by forcible compulsion.  On direct appeal, the Missouri Court of Appeals denied relief on this claim.  (ECF 16-6.)

Claims of insufficiency of the evidence are analyzed under the standard of *Jackson v. Virginia,* 443 U.S. 307 (1979).  Under *Jackson*, a petitioner "is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt."  *Id.* at 324.  "All conflicting inferences that arise from the historical facts must be resolved in favor of the prosecution."  *Nance v. Norris,* 392 F.3d 284, 290 (8th Cir. 2004).  Further, "[w]e also presume that the findings of fact made by a state court are correct unless the petitioner rebuts that presumption by clear and convincing evidence."  *Evans v. Luebbers*, 371 F.3d 438, 441 (8th Cir. 2004).

At the time of Greer's offense, Missouri law defined "forcible compulsion" as either "(a) Physical force that overcomes reasonable resistance; or (b) A threat, express or implied, that places a person in reasonable fear of death, serious physical injury or kidnapping of such person or another person[.]"  Mo. Rev. Stat. § 556.061(27) ; *see also* Mo. Rev. Stat. § 566.010, comment.  Here, as summarized by the Missouri Court of Appeals, the evidence at trial showed that after repeatedly beating the victim, binding and gagging her, and confining her to a closet and withholding food, Greer pulled the victim from the closet, removed her underwear, stated that "this is going to hurt," and had sex with her while she was bound and

gagged.  The court of appeals determined that evidence of Greer's repeated beating of the victim in his apartment with no one else around placed him in a position of control over the victim, and of his performance of the sex act while the victim lay on her stomach bound and gagged "was more than sufficient for the jury to find that Defendant used physical force to overcome Victim's reasonable resistance." (ECF 16-6 at pp. 7-8.)  To the extent evidence adduced at trial showed that Greer and the victim had consensual sex days later,[3] the Missouri Court of Appeals noted that the rape that had occurred earlier in the week was a separate event and that no known law negates evidence of forcible rape if a defendant and victim later have consensual sex.  (*Id.* at p. 8.)

A State appellate court's conclusion that the evidence was sufficient to support a criminal conviction is entitled to great deference by a Federal court. *Jackson*, 443 U.S. at 323.  "[W]hether the record contains sufficient evidence to establish each element of the crime beyond a reasonable doubt 'is everyday business for the state courts, grist for their mill, and it will be a rare case in which a federal court on habeas will disagree with them.'"  *Cassell v. Lockhart*, 886 F.2d 178, 179 (8th Cir. 1989) (quoting *Moeller v. Attorney Gen. of S.D.*, 838 F.2d 309, 310 (8th Cir. 1988)).

---

[3] The victim testified that after the beatings stopped, she stayed with Greer for four more days out of fear that he would beat her again if she tried to leave.  (ECF 16-1 at pp. 260-61.)  She testified that her "consensual" sex with him was really her just looking out for herself and trying to keep him happy and calm.  (*Id.* at p. 269; ECF 16-6 at p. 4.)

The court of appeals' determination that there was sufficient evidence to convict Greer of having committed forcible rape is supported by the record and entitled to deference. I am not aware of any "clearly established Federal law, as determined by the Supreme Court of the United States" of which the court's decision runs afoul, nor has Greer demonstrated such. Therefore, it cannot be said that the State court's determination "resulted in a decision that was contrary to, or involved an unreasonable application of," clearly established Federal law. 28 U.S.C. § 2254(d)(1). Nor has Greer shown that the court's determination "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

Accordingly, the claim raised in Ground 2 of the petition will be denied.

### Certificate of Appealability

Steward has failed to make a substantial showing that he was denied a Federal constitutional right. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (for substantial showing, issues must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings). I will therefore not issue a Certificate of Appealability on any of his claims.

Accordingly,

**IT IS HEREBY ORDERED** that Christopher L. Greer's petition for writ of

habeas corpus under 28 U.S.C. § 2254 [1] is denied.

**IT IS FURTHER ORDERED** that a Certificate of Appealability will not issue in this action because petitioner Greer has not made a substantial showing of a denial of a constitutional right.

An appropriate Judgment is entered herewith.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of August, 2022.